UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA STAMM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-1374 |
| INTER-CON SECURITY SYSTEMS, INC., | ) ) ) |
| Defendant. | ) |

## O R D E R

This matter is now before the Court on Defendant's Motion to Dismiss. For the reasons set forth below, the Motion [#6] is GRANTED IN PART and DENIED IN PART.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted arise pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, the Americans With Disabilities Act, 42 U.S.C. § 12101, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.

### BACKGROUND[1]

In October 2004, Plaintiff, Tina Stamm ("Stamm"), interviewed with Defendant, Inter-Con Security Systems ("Inter-Con"), for a position at its Powerton Generating Station in Tazewell County, Illinois. She was hired subject to a physical examination and submitted letters from her physicians indicating that she was capable of performing the work. However, Stamm alleges that after learning that she had a sleep disorder, Inter-Con sent

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Complaint and presumed to be true for purposes of resolving this Motion.

her a letter dated October 19, 2004, indicating that it could not move forward with her application for employment at that time.

On November 4, 2009, Stamm brought this action alleging that she was the victim of intentional discrimination on the basis of her disability, age, and gender. Defendants have now moved to dismiss the Complaint. Stamm has filed her response, and this Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

I.      Timeliness

Defendant first argues that the Complaint was untimely, as her claims were filed more than 90 days after the EEOC issued its right to sue letter on February 9, 2009. Title 42 U.S.C. § 2000e-5 and the ADEA confer subject matter jurisdiction on federal district courts to hear cases dismissed by the EEOC. A person claiming to be aggrieved shall be notified of the EEOC's dismissal of a charge. 42 U.S.C. § 2000e-5(f)(1). The person aggrieved may then bring a civil action in the district court, and has ninety (90) days after receipt of the EEOC Notice within which to do so. Id. The 90-day limitation period begins to run on the date the EEOC notice is first received. Jones v. Madison Service Corp., 744 F.2d 1309, 1312 (7th Cir. 1984).

Respectfully, Defendant's argument is without merit. The record reflects that the February 9, 2009, notice of right to sue was mailed to the wrong address and not received by Stamm until shortly after August 6, 2009, when the EEOC remailed it to a correct address. In its letter of transmittal, the EEOC specifically states that due to its errors, Stamm's 90-day period would not commence until she received the August 6, 2009, mailing, not withstanding the issue date on the Notice of February 9, 2009. Accordingly, the Motion to Dismiss is denied in this respect.

II.     Failure to State a Claim

Defendant next seeks the dismissal of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Specifically, Defendant argues that the Complaint fails to describe the claim that is plausible on its face and tenders more than naked assertions devoid of further factual enhancement.

Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The Supreme Court has also clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 -1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

With respect to the ADA claim, the Court finds Defendant's argument to be without merit. While Stamm's Complaint is sparse and not a model of clarity, it does clearly place Defendant on notice of that upon which the claim against it is based. Construed liberally with its attachments, Stamm's Complaint can be read to allege that she was not hired because she either has, or alternatively was regarded as having, a disability in the form of the sleep disorder for which she had been receiving treatment for more than three years. The specific factual assertions regarding the limitations of her condition on major life activities that Inter-Con claims are lacking are not required at this stage of the proceedings, but rather on summary judgment on a more fully developed factual record.

Regarding the ADEA and Title VII claims, the Court must agree with Inter-Con. Even when construed liberally and in the light most favorable to Stamm, she has only made the bare allegations that she was not hired because she is more than 40 year's old and female. Stamm argues that her EEOC charge contains the assertion that Inter-Con employs younger males with the same or similar medications and conditions, but there is no effort to indicate any basis for this subjective belief or that any of these individuals were

- 4 -

employed in similar capacities to the position for which Stamm was applying.  Accordingly, the Court cannot find that she has provided Defendant with sufficient notice of the gist of these claims that is more than the conclusory statement of mere labels or formulaic recitations or is otherwise plausible on its face.  This fails to satisfy the standard set forth in Twombly and Iqbal, and the ADEA and Title VII claims asserted in Counts II and III of the Complaint are therefore dismissed with leave to replead to adequately allege these claims if Stamm can do so in good faith.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [#6] is GRANTED IN PART and DENIED IN PART.  Stamm shall file an amended complaint curing the identified deficiencies if she is able to do so in good faith within 14 days from the date of this Order.

ENTERED this 6th day of May, 2010.

                                                s/ Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge