# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA STAMM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-1374 |
| ) | |
| INTER-CON SECURITY SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter is now before the Court on Defendant's Motion to Dismiss Count II of the Amended Complaint.  For the reasons set forth below, the Motion [#13] is GRANTED.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted arise pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.

## BACKGROUND[1]

In October 2004, Plaintiff, Tina Stamm ("Stamm"), interviewed with Defendant, Inter-Con Security Systems ("Inter-Con"), for a position at its Powerton Generating Station in Tazewell County, Illinois.  She was hired subject to a physical examination and submitted letters from her physicians indicating that she was capable of performing the work.  However, Stamm alleges that after learning that she had a sleep disorder, Inter-Con sent

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Amended Complaint and presumed to be true for purposes of resolving this Motion.

her a letter dated October 19, 2004, indicating that it could not move forward with her application for employment at that time.

On November 4, 2009, Stamm brought this action alleging that she was the victim of intentional discrimination on the basis of her disability, age, and gender. The Court previously granted Defendant's motion to dismiss Stamm's ADEA and Title VII claims, but allowed the filing of an amended complaint to cure the identified deficiencies. Stamm did not replead her Title VII claim, but filed an Amended Complaint attempting to cure the identified deficiencies with respect to her ADEA claim. Defendant has now moved to dismiss the ADEA claim alleged in Count II of the Amended Complaint. Stamm has filed her response, and this Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village

of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The Supreme Court has also clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 -1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009). "Nonetheless, a plaintiff must provide "only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" Reger Development, LLC v. National City Bank, 592 F.3d 759. 764 (7th Cir. 2010), *citing* Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Here, Stamm alleges that she was over 40 years of age at all relevant times. She further asserts that she suffered from sleep apnea, a disease which is present more in those over age 40 than under age 40, "such that the discrimination against Plaintiff was not only based on her disability but was also [sic] treated her worse than younger applicants and employees." (Amended Complaint at ¶ 9)

Defendant argues that Stamm is improperly attempting to state a disparate impact claim by suggesting that disability discrimination based on sleep apnea has a disparate

impact on individuals over the age of 40. Specifically, Defendant contends that Stamm has failed to couch her claim in terms of allegations that its policies or practices are facially neutral but effectively discriminate against those 40 years of age and older as required by Smith v. City of Jackson, 544 U.S. 228, 240 (2005). Rather, she has made the "naked scientific" assertion that sleep apnea affects more individuals over the age of 40 and leaps to the conclusion that Stamm was the victim of age discrimination.

Stamm correctly responds that the Supreme Court has clarified that there is an affirmative defense in ADEA cases where an employer's actions are based on "reasonable factors other than age" and suggests that she has met the pleading requirements of Smith as further discussed in Meacham v. Knolls Atomic Power, 554 U.S. 84 (2008). However, Stamm conveniently ignores the second half of the discussion in Meacham, which finds:

> [A] plaintiff falls short by merely alleging a disparate impact, or "point[ing] to a generalized policy that leads to such an impact." The plaintiff is obliged to do more: to "isolat[e] and identif[y] the specific employment practices that are allegedly responsible for any observed statistical disparities. The aim of this requirement, as City of Jackson said, is to avoid the "result [of] employers being potentially liable for 'the myriad of innocent causes that may lead to statistical imbalances.'" And as the outcome in that case shows, the requirement has bite: one sufficient reason for rejecting the employees' challenge was that they "ha[d] done little more than point out that the pay plan at issue [was] relatively less generous to older workers than to younger workers," and "ha[d] not identified any specific test, requirement, or practice within the pay plan that ha[d] an adverse impact on older workers.

Id., at 2406-06.

This discussion makes clear that Count II of the Amended Complaint is insufficient. It identifies a purportedly statistical situation in the general population and leaps to the conclusion that she was treated worse than younger applicants and employees by

- 4 -

Defendant. This is nothing more than "merely alleging a disparate impact." She does not even identify a generalized policy of Defendant, much less isolate and identify specific employment practices that are responsible for any observed statistical disparities or any specific test, requirement, or practice of one of Defendant's policies. Accordingly, it is clear that Stamm cannot state a claim under the ADEA, as she has failed to make a showing sufficient to raise a right to relief beyond a speculative level. This fails to satisfy the standard set forth in <u>Twombly</u> and <u>Iqbal</u>, and the ADEA claim asserted in Count II is therefore dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [#13] is GRANTED, and Count II of the Amended Complaint is dismissed. As Defendant has already filed an Answer with respect to Count I of the Amended Complaint, this matter remains set for a Rule 16 conference before Magistrate Judge Gorman.

ENTERED this 29th day of June, 2010.

                                             s/ Michael M. Mihm
                                             Michael M. Mihm
                                             United States District Judge